21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HOSPITAL & HEALTH CARE WORKERS' UNION, LOCAL 250, Service
Employees Int'l Union, Affiliated with Service
Employees Int'l Union, AFL-CIO, Plaintiff-Appellant
v.
SAN BENITO HEALTH FOUNDATION, Defendant-Appellee.
 No. 92-17028.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided March 29, 1994.
 
 Before: WALLACE, Chief Judge, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hospital & Health Care Workers Union, Local 250 (the Union) appeals the district court's grant of summary judgment to San Benito Health Foundation (San Benito) in a dispute over the interpretation of their collective bargaining agreement (CBA). We reverse and remand with instructions to enter an order compelling arbitration.
 
 BACKGROUND
 
 3
 Viewing the facts, as we must on summary judgment review, in the light most favorable to Bueno, it appears that San Benito notified her that she was fired after she had completed her 180th day of work. If she was a permanent employee at this time, the parties agree that she has a right to avail herself of the grievance procedures outlined in the collective bargaining agreement (CBA). If she still was a probationary employee when she was fired, the parties agree that she has no grievance rights under the CBA. The sole point of dispute between San Benito and Ms. Bueno is whether San Benito fired Ms. Bueno while she was a probationary employee. Bueno seeks an order compelling San Benito to submit this dispute to arbitration.
 
 DISCUSSION
 
 4
 We review de novo the district court's grant of summary judgment and its interpretation of a collective bargaining agreement. Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council, 940 F.2d 513, 516 (9th Cir.1991).
 
 
 5
 An order to arbitrate "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986). Here, the CBA contains a broadly worded arbitration clause, which provides that employees may avail themselves of a grievance procedure (culminating in arbitration) for any "claim ... alleging a violation, misinterpretation or misapplication of a specific provision of this agreement." The question whether Bueno was a probationary employee at the time she was fired involves the interpretation and application of the CBA, and therefore falls under the general arbitration clause. Thus, unless another provision of the CBA expressly excludes this question from arbitration, or San Benito proffers other "forceful evidence" that the parties intended the question to be non-arbitrable, it must be submitted for arbitration. See id. The burden of proving that the parties did not intend to submit this question to arbitration falls on San Benito. Westinghouse, 940 F.2d at 518.
 
 
 6
 In attempting to carry this burden, San Benito relies on a narrowly drawn exclusion in the CBA, which provides: "The retention of any probationary employee shall be at the discretion of Employer, and termination during the probationary period shall not be subject to the grievance procedure." This clause, however, expressly excludes from arbitration only San Benito's decision to fire a probationary employee. Its clear intent is to allow San Benito, at its sole discretion, to terminate probationary employees and to deny those employees the right to challenge San Benito's reasons for firing them. There is nothing in this clause, or anywhere else in the CBA, that excludes from arbitration the predicate question whether an employee was in fact probationary at the time she was terminated.
 
 
 7
 Because San Benito points to no other evidence, much less "forceful evidence," of the parties' intent to exclude this question from arbitration and to allow San Benito unilaterally to decide whether an Bueno was probationary when it fired her, we conclude that the question whether Bueno was a probationary employee at the time she was terminated must be submitted to an arbitrator. See Winery, Distillery & Allied Workers Union, Local 186 v. E. & J. Gallo Winery, Inc., 857 F.2d 1353, 1356 (9th Cir.1988) (absent express agreement to the contrary, dispute over existence of facts triggering exclusion clause is arbitrable); Los Angeles Paper Bag Co. v. Printing Specialties and Paper Products Union, 345 F.2d 757 (9th Cir.1965) (same).
 
 
 8
 San Benito insists, for a variety of reasons, that Bueno still was a probationary employee at the time she was fired. These arguments are not properly directed to this court. Our inquiry is "strictly confined" to whether the parties agreed to submit to arbitration disputes over an employee's status as probationary or permanent at the time she was fired. See United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). Having concluded that the general arbitration provision in the CBA clearly demonstrates that the parties agreed to submit this sort of dispute to arbitration, that there is nothing in the CBA that expressly excludes this particular question from arbitration, and that there is no other evidence that the parties agreed to exclude it from arbitration, our inquiry ends. We may not, in any circumstance, rule on the merits of San Benito's position. See AT & T, 475 U.S. at 649-50:
 
 
 9
 [I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims. Whether "arguable" or not, indeed even if it appears to the court to be frivolous, the union's claim that the employer has violated the collective bargaining agreement is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator.... The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.
 
 
 10
 (Citations and quotations omitted).
 
 CONCLUSION
 
 11
 The judgment of the district court is reversed, and the district court is directed to enter an order compelling arbitration of the question whether Bueno was a permanent employee at the time she was fired.
 
 REVERSED and REMANDED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3